TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00726-CV






Naomi Nicole Tanguma, Appellant


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT

NO. C-09-0219-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant Naomi Nicole Tanguma has filed a notice of appeal from the district court's
order terminating her parental rights. Tanguma's court-appointed counsel has filed a motion to
withdraw and an Anders brief, concluding that the appeal is frivolous and without merit. See Anders
v. California, 386 U.S. 738, 744 (1967); see also Taylor v. Texas Dep't of Protective & Regulatory
Servs., 160 S.W.3d 641, 646-47 (Tex. App.--Austin 2005, pet. denied) (applying Anders procedure
in appeal from termination of parental rights). We reach the same conclusion and will affirm the
order of termination.

 The Texas Department of Family and Protective Services (the Department) filed a
petition to terminate Tanguma's parental rights to her three children: K.M.T.A., a seven-year-old
girl, S.T.C., a five-year-old girl, and S.C.T., a three-year-old boy. At trial, the Department proceeded
on several theories, arguing that Tanguma had (1) "knowingly placed or knowingly allowed the
children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children," see Tex. Fam. Code Ann. § 161.001(1)(D) (West Supp. 2011); (2) "engaged
in conduct or knowingly placed the children with persons who engaged in conduct which endangers
the physical or emotional well-being of the children," see id. § 161.001(1)(E) (West Supp. 2011);
(3) "constructively abandoned the children who have been in the permanent or temporary managing
conservatorship of [the Department] for not less than six months, and, (i) [the Department] has made
reasonable efforts to return the children to [Tanguma]; (ii) [Tanguma] has not regularly visited or
maintained significant contact with the children; and (iii) [Tanguma] has demonstrated an inability
to provide the children with a safe environment," see id. § 161.001(1)(N) (West Supp. 2011);
(4) "failed to comply with the provisions of a court order that specifically established the actions
necessary for [Tanguma] to obtain the return of the children who have been in the permanent or
temporary managing conservatorship of [the Department] for not less than nine months as a result
of the children's removal from [Tanguma] under chapter 262 for the abuse or neglect of the
children," see id. § 161.001(1)(O) (West Supp. 2011); and "used a controlled substance, as defined
by chapter 481, Health and Safety Code, in a manner that endangered the health and safety of
the child and: (i) failed to complete a court-ordered substance abuse treatment program; or (ii) after
completion of a court-ordered substance abuse treatment program, continued to abuse a controlled
substance," see id. § 161.001(1)(P) (West Supp. 2011).

 At the termination trial, Department investigator Noemi Avalos claimed that the
Department received its first report against Tanguma in June 2008 alleging physical neglect of
the children and drug use. Avalos indicated that Tanguma was pregnant with S.C.T. at the time
and not receiving prenatal care. According to Avalos, the children were placed with a relative while
Tanguma completed an inpatient substance abuse treatment program. Avalos claimed that a year
later, the Department received a second report alleging neglectful supervision of the children and
drug use by Tanguma. When Avalos visited Tanguma's house with another Department investigator,
she asserted that they smelled marijuana and discovered several adults at the house. Avalos claimed
that two of the adults had prior convictions for drug offenses and one adult had two convictions
for assault with family violence. Avalos indicated that the Department placed the children with a
relative and, after Tanguma submitted to a drug test, scheduled her to participate in Family Based
Safety Services ("FBSS"). During FBSS, Avalos claimed, the Department received a third report
concerning Tanguma's alleged drug use. Department caseworker Robert Holden claimed that
Tanguma admitted her use of marijuana and methamphetamine to the Department in June 2008, and
again admitted she was using methamphetamine in October 2009. He also indicated that she also
failed a drug test during FBSS.

 The district court also heard evidence that the children had been in the temporary
managing conservatorship of the Department for eighteen months when the termination trial began
and almost two years as of the last day of the termination trial. (1) Department caseworker Joe Bentley
testified that he drafted a service plan for Tanguma, which was adopted and ordered by the
district court. Tanguma admitted that she signed her service plan, understood its requirements, and
understood that the district court had ordered her to comply with it. Bentley indicated that Tanguma
initially visited the children consistently, but later missed half of her scheduled visits. Holden
indicated that Tanguma had failed to "even marginally compl[y] with her service plan." According
to Holden, Tanguma last saw her children in May 2010 when the district court ordered Tanguma's
visitation rights revoked after she failed a drug test. She could regain visitation rights per the court's
order, Holden asserted, if she submitted two negative drug tests. Tanguma had been unable to do
so, Holden claimed, and, by the end of trial, she had not seen her children in seventeen months.
Holden affirmed that Tanguma demonstrated an inability to provide her children with a safe
environment. Tanguma agreed that she did not currently have an appropriate home for the children.
Tanguma further testified that she was unemployed and not currently looking for work. She
admitted that she failed to comply with her service plans in a variety of ways: failing to provide
notice to her caseworker when she missed appointments, failing to provide a financially stable home,
failing to maintain a drug-free home environment, failing to attend individual counseling, and failing
to complete parenting classes.

 Tanguma affirmed that she had previously completed a thirty-day inpatient substance-abuse program in June 2008. She admitted that after the Department filed its petition for
termination, she was ordered to return to the treatment facility, but left the program after three days
and made no effort to return. She claimed that she did not need help from that facility because it
was not "all that good, because apparently I relapsed and here I am again," but admitted she needed
help from somewhere else. Tanguma indicated that she failed to complete treatment and remain
drug free because her court-ordered treatment program lacked a detoxification program. On cross-examination, Tanguma was unable to explain what a detoxification program was or how it might
be more effective for her. Holden testified that the Department attempted to place Tanguma in a
different treatment facility, but was unable to do so after Tanguma denied using drugs within the past
sixty days. At the same time, she admitted to the Department and to CASA that she was still using
drugs. Holden claimed that Tanguma then missed an appointment to reinitiate the process to receive
substance abuse treatment and never attempted to reschedule. Holden also indicated that Tanguma
was unable to produce a negative drug test a week before the last day of the termination trial.

 Holden testified that he believed it was in the children's best interest to terminate
Tanguma's parental rights. He claimed that the children would suffer emotionally and physically
if returned to Tanguma. According to Holden, the children were thriving in their foster home,
and had not exhibited any separation problems as a result of not seeing Tanguma. He indicated
the children had some behavioral problems, such as speech delays, food hoarding, and sexually
inappropriate behavior, but they were addressing these issues with therapy and showing
improvement. According to Holden, the children had extensive dental problems when they arrived
in the Department's care--S.T.C. and K.M.T.A. had to have thirteen and nine teeth surgically
removed, respectively. He also asserted that S.C.T. had asthma and required breathing treatments
when he entered the Department's care because of exposure to smoke, dogs, and dust, but no longer
had breathing problems.

 Tanguma acknowledged that she lived in a one-bedroom apartment with her
boyfriend. She admitted that her boyfriend had served time in jail in connection with drug crimes.
She also admitted that her utilities had been shut off at her house twice in the past year. During
trial, several of Tanguma's Facebook entries were admitted into evidence. Tanguma admitted to
authoring these entries, dated between September and October 2011, which referenced Tanguma
getting drunk and fighting with her boyfriend. She testified to an incident two years prior to the
termination trial when she and the children became extremely emotional over being separated at the
end of a visit. She also asserted that she loved her children and claimed that she provided gifts and
cards to them, though Holden disputed the frequency of these gifts.

 At the conclusion of evidence, the trial court found by clear and convincing
evidence that the Department had established all five statutory grounds alleged and that
termination would be in the children's best interest. The district court signed a final order
terminating Tanguma's parental rights and naming the Department as the children's sole managing
conservator. This appeal followed.

 Counsel's brief meets the requirements of Anders by presenting a professional
evaluation of the record and demonstrating that there are no arguable grounds for appeal. See
Anders, 386 U.S. at 744; Taylor, 160 S.W.3d at 646-47. Tanguma was provided with a copy of
counsel's brief and was advised of her right to examine the appellate record and to file a pro se brief.
No pro se brief has been filed.

 We have reviewed the record and counsel's brief and agree that the appeal is
frivolous and without merit. We find nothing in the record that might arguably support the appeal.
See Anders, 386 U.S. at 741-44; Taylor, 160 S.W.3d at 646-47. We affirm the district court's order
of termination and grant counsel's motion to withdraw.


 __________________________________________

 Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Henson

Affirmed

Filed: July 25, 2012
1. The termination proceedings were scheduled for April 25, 2011, but several parties'
attorneys were unable to attend due to illness. After receiving the testimony of out-of-town and
subpoenaed witnesses, the district court recessed the remaining proceedings until October 18, 2011.